| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:19-cv-00148-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF SUMMONS AND COMPLANT AND MOTION FOR STAY<br><br>(ECF No. 13) |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**I.**

**INTRODUCTION**

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 29, 2019, the undersigned screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Munsel and Jericoff for deliberate indifference in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 10.) Plaintiff was ordered to either file a first amended complaint or notify the court of his willingness to proceed only on the cognizable claim. (Id. at 8-9.) On August 7, 2019, Plaintiff notified the Court of his willingness to proceed only on the cognizable claim identified by the Court. (ECF No. 11.)

///

1

| | |
|---|---|
| 1 | Consequently, on August 9, 2019, the undersigned issued findings and recommendations |
| 2 | that this action proceed on Plaintiff's complaint against Defendants Munsel and Jericoff for |
| 3 | deliberate indifference in violation of the Eighth Amendment, and that all other claims and |
| 4 | defendants be dismissed.  (ECF No. 12.)  The findings and recommendations were served on |
| 5 | Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) |
| 6 | days after service.  (*Id.* at 5.)  No objections were filed within the allotted time.  The August 9, |
| 7 | 2019 findings and recommendations are pending before the District Judge assigned to this case. |
| 8 | Currently before the Court is Plaintiff's document titled "Clarification and Instructions for |
| 9 | Serving the Summons and Complaint in Civil Action[,]" filed on September 18, 2019, which the |
| 10 | Court construes as a motion to serve Defendants Munsel and Jericoff with the summons and |
| 11 | complaint and a motion to stay this action.  (ECF No. 13.) |

**II.**

**MOTION FOR SERVICE OF SUMMONS AND COMPLAINT**

| | |
|---|---|
| 14 | In his motion, Plaintiff states that, while the Court has found that he has stated a |
| 15 | cognizable claim against Defendants Munsel and Jericoff, the Court has not issued an order to |
| 16 | serve the summons and complaint on Defendants.  (Id. at 1.)  Plaintiff requests that the Court |
| 17 | serve the summons and complaint on the Defendants or provide him with the necessary forms and |
| 18 | instructions so that he can serve the summons and complaint on the Defendants.  (Id. at 1-2.) |
| 19 | However, Plaintiff's motion is premature.  The Court is required to screen complaints |
| 20 | brought by prisoners seeking relief against a governmental entity or officer or employee of a |
| 21 | governmental entity.  28 U.S.C. § 1915A(a).  Therefore, service of process will only be ordered |
| 22 | after Plaintiff's complaint has been screened and the District Judge has determined that Plaintiff's |
| 23 | complaint states one or more cognizable claims against one or more Defendants.  In this case, |
| 24 | while the undersigned has screened Plaintiff's complaint and issued findings and |
| 25 | recommendations that this action proceed on Plaintiff's complaint against Defendants Munsel and |
| 26 | Jericoff for deliberate indifference, the District Judge has not issued an order adopting those |
| 27 | findings and recommendations.  Therefore, at this time, issuance and service of the summons and |
| 28 | complaint is inappropriate. |

Additionally, if the District Judge finds that Plaintiff's complaint states a cognizable claim against one or more of the named defendants, the undersigned will issue an order finding service of the complaint appropriate and directing that service of the defendant or defendants shall proceed under the Court's E-Service pilot program for civil rights cases in the Eastern District of California. "E-Service" means that instead of having plaintiffs fill out service paperwork for the United States Marshal to mail to the defendants or through personal service, the Court will provide paperwork regarding the defendants electronically to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office, each of which has agreed to participate in this program. If those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service. Plaintiff need not attempt service on the defendants and need not request waiver of service.

Consequently, Plaintiff's motion for service of summons and complaint is denied as premature.

## III.

## MOTION TO STAY ACTION

Plaintiff moves to "pause this case" for an unstated amount of time because he is currently "working on another civil action case," which is at the discovery stage and is months away from trial. (ECF No. 13, at 2.) Plaintiff asserts that he is "*pro se*" and that he cannot "handle two civil cases at the same time." (Id.) While Plaintiff's motion does not state the length of the requested stay, presumably, Plaintiff would like to stay this action until the litigation of his other currently pending civil case, No. 1:17-cv-1260 MCE DB P, is completed.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  The Court should "balance the length of any stay against the strength of the justification given for it."  Id.

Here, Plaintiff requests a stay of the proceedings in this case for an indefinite amount of time.  However, Plaintiff has failed to show that there is sufficient justification to support an indefinite stay of this action, much less a basis to stay his case because he has litigation in another matter.  Initially, the Court does not lightly stay litigation due to the possibility of prejudice to the defendants.  Further, while the Court understands Plaintiff's *pro se* status and the resulting difficulties that Plaintiff may have in litigating this action at the same time as another civil action, Plaintiff chose to file this action and, hence, he is required to diligently prosecute this action and his other actions.  This court has a tremendous caseload and cannot stay a case under this request as substantial prejudice may occur to the defendants who have yet had an opportunity to be heard on the request.  Finally, a stay of the entire action is not Plaintiff's only remedy.

Consequently, Plaintiff's motion to stay this action is denied.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for service of summons and complaint, (ECF No. 13), is DENIED;
2. Plaintiff's motion for stay of action, (ECF No. 13), is DENIED.

IT IS SO ORDERED.

Dated:  **September 23, 2019**

UNITED STATES MAGISTRATE JUDGE