UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>S. SMITH, et al.,<br><br>                    Defendants. | Case No.  1:19-cv-00148-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 39) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint, filed January 6, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Munsel and Jericoff for deliberate indifference in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on March 19, 2020.

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on July 29, 2020.

As previously stated, on January 6, 2021, Plaintiff filed the instant motion to amend the

complaint. Defendants filed an opposition on January 26, 2021. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.
## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party=s pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

## III.
## DISCUSSION

Plaintiff seeks to amend the complaint to add claims against two supervisors, Sergeants Garcia and Brown, and to add an equal protection claims. Defendants oppose Plaintiff's motion and argue Plaintiff's equal protection claim was dismissed, with prejudice, and cannot be revived, amendment would be futile, and allowing amendment will unduly delay the matter and cause

prejudice to them.

As an initial matter, the Court's deadline to amend the pleading did not give Plaintiff the automatic right to amend his complaint. For the reasons explained below, Plaintiff's motion to amend shall be denied in part and granted in part.

### A. Previously Dismissed Equal Protection Claim

At screening, the Court found that Plaintiff's allegations that he was treated differently from other inmates failed to state a cognizable claim for relief, and Plaintiff was granted leave to amend. (ECF No. 10 at 6, 8.) Plaintiff elected not to amend the complaint and expressly agreed to proceed only on deliberate indifference claim against Defendants Munsel and Jericoff. (ECF Nos. 11, 12.) On December 6, 2019, the Court dismissed Plaintiff's equal protection claim, with prejudice, for failure to state a cognizable claim for relief. (ECF No. 15.) Plaintiff's attempt now, over a year later, in seeking to amend to again raise an equal protection challenge demonstrates bad faith on his part. Because Plaintiff's equal protection claim was dismissed, with prejudice, he is barred from raising it again in this action or any other federal action. Accordingly, amendment to add an equal protection claim should be denied.

### B. Amendment to Add Sergeants Brown and Garcia

Plaintiff seeks to amend to add an Eighth Amendment claim against Sergeants Brown and Garcia, and claims they "created a policy and custom allowing or encouraging the illegal acts." (Mot. at 1.) Plaintiff further claims Defendants Brown and Garcia "recklessly disregarded an excessive risk to [his] health and safety by failing to act reasonably in response to [his] medical conditions." (Id. at 2.)

Here, Plaintiff's motion to amend to add an Eighth Amendment claim against Defendants Brown and Garcia should be granted. Plaintiff filed his motion to amend timely under the scheduling order and he only became aware of Sergeants Brown and Garcia's involvement by way of discovery response from Defendants. The Court finds any prejudice to be minimal, given that discovery is still open and the dispositive motion deadline has not expired. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (The [Rule 15(a)] "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties").

Further, the Court does not find that amendment would be futile. In order to show that amendment is futile they would need to show that there is no set of facts that can be proved under the amendment that would constitute a valid claim. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). While Defendants have identified various deficiencies in the proposed amendment, the Court finds that they have not shown that amendment is futile.

It is clear that Defendants Brown and Garcia reviewed and approved the bed move Plaintiff is complaining about, but there are insufficient allegations in the motion to amend to give rise to a plausible claim of deliberate indifference. To state a claim under section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in section 1983 lawsuits. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citing, inter alia, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978) ). Hence, a government official—whether subordinate or supervisor—may be held liable under section 1983 only when his or her own actions have caused a constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing Monell).

Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) ) (quotation marks omitted).

A government official may be held individually liable under section 1983 for acts taken in a supervisory capacity, but only when the supervisor's own misconduct caused an alleged constitutional deprivation. See Iqbal, 556 U.S. at 676, 677 ("Absent vicarious liability, each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); OSU Student Alliance, 699 F.3d at 1069 (supervisor liable under section 1983 only if "he ... engaged in culpable action or inaction himself") (citing Iqbal at 676).

The Ninth Circuit has held that, at least in cases where the applicable standard is deliberate indifference, Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Here, while Sergeants Brown and Garcia reviewed and approved the bed move of which Plaintiff complains, his allegations are lacking factual content and are conclusory in nature. Plaintiff fails to present plausible, factual allegations that Garcia and Brown were aware of a substantial risk to Plaintiff's health from the bed move and intentionally disregarded that risk. Further, a bare allegation of a policy, custom or practice of "abuse of authority" are insufficient to state a claim. Iqbal, 556 U.S. at 678.

Nonetheless, it does not appear beyond doubt that Plaintiff can may be able to amend to state a viable claim against Defendants Brown and Garcia, and given the liberal policy favoring amendments to pleadings and Plaintiff's pro se status, Plaintiff's motion to amend should be granted. See Fed. R. Civ. P. 15(a)(2) (stating, "[t]he court should freely give leave [to amend a pleading] when justice so requires."); Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (stating, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P") (internal quotations and citations omitted); U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (stating, "[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") (internal quotations and citations omitted).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend be denied in part and granted in part as follows:

   a. Denied as to an Equal Protection Clause violation; and

5

      b.    Granted as to an Eighth Amendment deliberate indifference claim against Defendants Brown and Garcia.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 10, 2021**

UNITED STATES MAGISTRATE JUDGE