**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BINH CUONG TRAN,<br><br>         Plaintiff,<br><br>    v.<br><br>S. SMITH, et al.,<br><br>         Defendants. | Case No.  1:19-cv-00148-DAD-SAB (PC)<br><br>ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO PROPOUND ADDITIONAL INTERROGATORIES<br><br>(ECF No. 48) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to propound additional interrogatories, filed March 8, 2021.  (ECF No. 48.)  Defendants filed an opposition on March 11, 2021, and Plaintiff filed a reply on March 22, 2021.  (ECF Nos. 50, 51.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 33 states in relevant part: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33 (a)(1).

1    Typically, a party requesting additional interrogatories must make a "particularized
2 showing" as to why additional discovery is necessary. Archer Daniels Midland Co. v. Aon Risk
3 Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999).  However, a party proceeding pro
4 se is held to a somewhat lesser standard.  A pro se party must show good cause for additional
5 discovery. See McClellan v. Kern County Sheriff's Office, No. 1:10-cv-0386 LJO MJS (PC),
6 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R. Civ. P. 26(b)(1); Cantu v.
7 Garcia, No. 1:09-cv-00177 AWI DLB PC, 2013 WL101667, at *3 (E.D. Cal. Jan. 8, 2013);
8 Eichler v. Tilton, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1 (E.D. Cal. Feb. 3,
9 2010)).

10   Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the
11 court shall grant leave if it is consistent with FRCP 26(b)(2).  Rule 26 states that the court must
12 limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:
13     (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained
14     from some other source that is more convenient, less burdensome, or less expensive;
15     (ii) the party seeking discovery has had ample opportunity to obtain the information by
16     discovery in the action; or
17     (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).
18 Fed. R. Civ. P. 26(b)(2)(C).

19   Plaintiff requests to propound twenty-five additional interrogatories to Defendants Munsel
20 and Jericoff.  Plaintiff contends the additional interrogatories are relevant as they are reasonably
21 calculated to lead to discovery of admissible evidence such as witnesses, disclosure of sources of
22 information, and/or new evidence. (Mot. at 1-2.)

23   Defendants argue the proposed interrogatories are not relevant or proportional to the
24 discovery needs of this case as they appear more related to his dismissed equal protection claim,
25 or are duplicative of previously propounded interrogatories or other discovery.

26   In response, Plaintiff argues that the number of other inmates with lower bunk and lower
27 tier chronos in the same building where Plaintiff was housed and the number of cells in facility C
28 and/or unoccupied bunks is relevant to his claim because Defendants said "[t]here was no other

lower level, lower bunk cell available to house [the other] inmate." Plaintiff further argues that the inmate in cell 226 is relevant to his claim because the Defendants stated, "Plaintiff did not like the cellmate in the upper tier cell, and in fact, initially refused to move." Plaintiff also argues the medical building or who was housed therein is relevant because Defendants stated, "he (inmate Perez) needed to be rehoused in the same cell for both his medical needs and for reasons of his safety."

This action is proceeding against Defendants Munsel and Jericoff based on Plaintiff's allegations that they ignored his complaints of pain from his broken rib and made him move to the upper tier. The Court will review the proposed additional interrogatories as well as the prior discovery already propounded on Defendants.

### A.    Interrogatories Numbers 1 Through 5

Defendants argue that Proposed Interrogatories Numbers 1 through 5 are not likely to lead to the discovery of admissible evidence. The Court agrees.

The number of other inmates with lower bunk and lower tier chronos; the number of cells in facility C; or "unoccupied bunks" are not relevant to Plaintiff's claim. Other inmates' chronos or medical status do not bear on whether Defendants were deliberately indifferent to Plaintiff. In addition, Plaintiff previously propounded requests for admission and requests for production to Defendants seeking essentially the same information. Defendants denied Plaintiff's requests for admissions for lack of sufficient information, after a reasonable search; and no responsive documents were located. (Mark Decl. Ex. B, FTA, Sets One, Nos. 5-6; Ex. C, RFP, Sets One, Nos 37-40.) Therefore, the Court finds that Plaintiff has not shown good cause to direct Defendants to respond to Interrogatories Numbers 1 through 5.

### B.    Interrogatory Number 6

In Proposed Interrogatory Number 6, Plaintiff asks, "Did you put in a request to move the Plaintiff to an upper tier cell-226 to Sergeant J. Garcia and Sergeant A. Brown on 4/25/18? This request for interrogatory No. 6 is in reference to your response in the "Plaintiff Requests First Set of Interrogatory No. 2.'" (Mot. Ex. A, ECF No. 48.)

Defendants do not object to this interrogatory, and the Court finds good cause to direct Defendants to file a response to this interrogatory.

### C. Interrogatory Number 7

Proposed Interrogatory Number 7 inquires "why" another inmate was not chosen to move on 4/25/18.

Defendants argue this interrogatory relates to Plaintiff's dismissed equal protection claim, and, therefore, should not be allowed as it is not related to a claim or defense at issue in this case. In addition, the question is duplicative of Plaintiff's first set of interrogatories, interrogatory number 8, which inquired why Defendants "chose to move" Plaintiff. (Mark Decl. Ex. A.)  The Court agrees.

This interrogatory is not relevant to Plaintiff's deliberate indifference claim and it is duplicative of Plaintiff's first set of interrogatories, interrogatory number 8.  Notwithstanding Defendants' objection that interrogatory number 8 was argumentative, Defendants responded "that he did not "choose to move the plaintiff."  As explained in his response to Interrogatory number two, the cell move of Plaintiff on April 25, 2018 was necessary because the inmate that was moved into that cell required a lower tier, lower bunk assignment.  This inmate had been previously assigned to that cell, but had been temporarily away from SCC. When he left temporarily, this cell placement should have been reserved for him.  Upon his return, he needed to be rehoused in the same cell for both his medical needs and for reasons of his safety.  There was no other lower tier, lower bunk cell available to house this inmate." (Mark. Decl. Ex. A, Interrog. No. 7.)

### D. Interrogatory Number 8

In Proposed Interrogatory Number 8, Plaintiff asks "How did you know the plaintiff had a Medical chrono for lower bunk whey you made the cell-move on 4/25/18?"  (Mot. Ex. A, ECF No. 48.)

Defendants do not object this interrogatory, and the Court finds good cause to direct Defendants to file a response to this interrogatory.

///

4

### E. Interrogatories Numbers 9 Through 13

Proposed Interrogatories Numbers 9-13 concern inmate in cell 226, or what was said to or by him. However, these interrogatories do not relate to Plaintiff's deliberate indifference claim and is not likely to lead to the discovery of admissible evidence. There is no contention that this inmate is a witness to what occurred between him and Defendants, and there is no showing of good cause for Defendants to respond to these interrogatories.

### F. Interrogatories Numbers 14 and 15

Proposed Interrogatories Numbers 14 and 15 concern the location of the "medical building" or who was housed there. However, the location and/or who was housed in the medical building does not relate to Plaintiff's deliberate indifference claim. There is no claim that Plaintiff should have been housed in the medical building. Accordingly, there is not good cause to order Defendants to respond to these interrogatories.

### G. Interrogatories Numbers 16 and 17

Proposed Interrogatories 16 and 17 are duplicative of Plaintiff's request for admissions numbers 1 through 3. (Mark Decl. Ex. B.) Plaintiff has not demonstrated that he is seeking any information in these questions that is materially different from that in the requests for admissions, or that is necessary to his claims. Accordingly, there is not good cause to order Defendants to respond to these interrogatories.

### F. Interrogatory Number 18

In Interrogatory Number 18, Plaintiff asks "Did you [sic] action cause unnecessary and wanton infliction of pain to the plaintiff on 4/25/18?" (Mot. Ex. A, ECF No. 48.) This interrogatory is argumentative, calls for speculation, and calls for a legal conclusion. Accordingly, it is improper and there is no basis to order Defendants to respond.

### G. Interrogatory Number 19

Proposed Interrogatory Number 19 is duplicative of Plaintiff's first set of interrogatories, interrogatory number 15. (Mark Decl. Ex. A.) Plaintiff has not demonstrated that he is seeking any information in these questions that is materially different from that in interrogatory number 15. Accordingly, there is not good cause to order Defendants to respond to this interrogatory.

**H.     Interrogatories Numbers 20 Through 25**

Proposed Interrogatories Numbers 20 through 25 all concern "inmate Andre Perez. Plaintiff contends this information relating to inmate Andre Perez is relevant because he did not have a disability, was not on the Americans with Disabilities Act, and did not have safety concerns and should not have been placed in Plaintiff's cell.

Defendants argue that these interrogatories relate to Plaintiff's dismissed equal protection claim.  The Court does not agree.

Based on Defendants' response to Plaintiff's first set of interrogatories, interrogatory number 2, and Plaintiff's argument relating to inmate Perez's medical condition and safety concerns, there is good cause for Defendants to respond to interrogatories numbers 20 through 25, subject to any applicable objections.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to propound additional interrogatories in excess of the limits of Rule 33(a) is granted in part and denied; and
2. Within thirty (30) days from the date of service of this order, Defendants shall respond to Plaintiff's second set of interrogatories, numbers 6, 8, 20, 21, 22, 23, 24, and 25, subject to any applicable objections.

IT IS SO ORDERED.

Dated:   **April 5, 2021**

UNITED STATES MAGISTRATE JUDGE