# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00148-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 64) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed on May 17, 2021.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." As a threshold matter, Plaintiff must demonstrate he has standing to seek preliminary injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); accord Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). This requires Plaintiff to "show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

///

1 | A motion for preliminary injunction must be supported by "[e]vidence that goes beyond
2 | the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-
3 | 00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal
4 | Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of
5 | establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S.
6 | at 20.

7 | The First Amendment protects a prisoner's right to send and receive mail. See Thornburgh
8 | v. Abbott, 490 U.S. 401, 407 (1989). While courts have afforded greater protection to an inmate's
9 | legal mail than non-legal mail, isolated incidents of mail interference or tampering will not
10 | support a claim under section 1983 for a violation of plaintiff's constitutional rights. See
11 | Thornburgh v. Abbott, 490 U.S. 401, 412 (1989); Davis v. Goord, 320 F.3d 346, 351 (2d. Cir.
12 | 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940,
13 | 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing
14 | that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First
15 | Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an
16 | improper motive on the part of prison officials or result in interference with an inmate's right of
17 | access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith,
18 | 899 F.2d at 944.

19 | This action is proceeding against Defendants Munsel, Jericoff, Brown and Garcia for
20 | deliberate indifference in violation of the Eighth Amendment. The pendency of this action,
21 | which arises out of the alleged deliberate indifference to his personal safety, does not provide
22 | Plaintiff with standing to seek relief related to the handling of his legal mail. Summers, 555 U.S.
23 | at 493; Lujan, 504 U.S. at 560-61; Mayfield, 599 F.3d at 969. Further, Plaintiff describes a single
24 | incident in which discovery responses from Defendants was allegedly opened by prison officials
25 | outside of his presence. Plaintiff does not even allege, much less demonstrate, the possibility of
26 | irreparable harm resulting from this single event that would warrant any injunctive relief. See
27 | Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Moreover, Plaintiff
28 | is seeking injunctive relief against any individual who is not a party to this action. Lately, it

appears that Plaintiff received full copies of the discovery responses from Defendants and there is no basis to order Defendants to resend another copy.  Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 18, 2021**

_____
UNITED STATES MAGISTRATE JUDGE