# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00148-DAD-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(ECF No. 56) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to strike Plaintiff's first amended complaint, filed on April 9, 2021.

## I.

## RELEVANT PROCEDURAL BACKGROUND

This action is currently proceeding against Defendants Munsel, Jericoff, Brown and Garcia for deliberate indifference in violation of the Eighth Amendment.

Defendants Munsel and Jericoff filed an answer to the complaint on March 19, 2020.[1]

After an unsuccessful settlement conference, the Court issued the discovery and

---

[1] Defendants Brown and Garcia's answer is presented due on or before June 22, 2021. (ECF No. 66.)

1

| | |
|---|---|
| 1 | scheduling order on July 29, 2020. |
| 2 | On January 6, 2021, Plaintiff filed a motion to amend the complaint. (ECF No. 39.) |
| 3 | On February 10, 2021, the undersigned issued Findings and Recommendations |
| 4 | recommending to grant in part and deny in part Plaintiff's motion to amend. (ECF No. 42.) More |
| 5 | specifically, it was recommended that Plaintiff's motion be granted to allow amendment to add an |
| 6 | Eighth Amendment claim for deliberate indifference against Defendants Brown and Garcia and to |
| 7 | deny Plaintiff's motion to amend to add an equal protection claim. (Id.) |
| 8 | The Findings and Recommendations were adopted in full on March 10, 2021. (ECF No. |
| 9 | 49.) |
| 10 | Plaintiff filed a first amended complaint on April 9, 2021. (ECF No. 53.) |
| 11 | As previously stated, on April 14, 2021, Defendants filed a motion to strike Plaintiff's first |
| 12 | amended complaint. (ECF No. 56.) |
| 13 | On May 14, 2021, the Court granted Defendants' request to vacate the dispositive motion |
| 14 | deadline pending resolution of their motion to strike the first amended complaint. (ECF No. 63.) |
| 15 | On May 24, 2021, Plaintiff filed objections to the Defendants' motion to vacate the |
| 16 | dispositive motion deadline and opposed Defendants' motion to strike the first amended |
| 17 | complaint.[2] (ECF No. 67.) |

**II.**

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(f), a pleading may be stricken because it includes "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike may be granted if 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citations omitted). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds by, 510 U.S. 517 (1994). A

---

[2] The Court will address Plaintiff's objections by way of separate order after the time for Defendants to file a response has expired.

matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. Id. Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." Thornton v. Solutionone Cleaning Concepts, Inc., No. 06–1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007), citing Wilkerson v. Butler, 229 F.R.D. at 170.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380; see also Hanna v. Lane, 610 F.Supp. 32, 34 (N.D. Ill. 1985). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied for later determination of the sufficiency of the allegations on the merits. See Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973075 (9th Cir.2010); see also 5A Wright & Miller, at 1380. Whittlestone noted the distinction between Rule 12(f) and Rule 12(b)(6) and held that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law. Id. at 976. The Court reasoned that Rule 12(f) motions are reviewed for abuse of discretion, whereas 12(b)(6) motions are reviewed de novo. Id. at 974 Thus, if a party seeks dismissal of a pleading under Rule 12(f), the district court's action would be subject to a different standard of review than if the district court had adjudicated the same substantive action under Rule 12(b)(6). Id.

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp. 2d 1048, 1057 (N.D. Cal. Apr. 19, 2004). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Cruz v. Bank of N.Y. Mellon, No. 12-cv-00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d at 973.

The Court granted Plaintiff's motion to amend the complaint in part, allowing Plaintiff to amend to attempt to assert an Eighth Amendment claim against Defendants Brown and Garcia, and denying Plaintiff leave to amend to add an Equal Protection claim. (ECF No. 49.)

Defendants argue that Plaintiff improperly included an equal protection claim, and expanded his allegations against Defendants Munsel and Jericoff, which was not sought by Plaintiff, nor permitted by the Court. (Mot. at 3, ECF No. 56.)

Defendants Munsel and Jericoff do not explain how the factual allegations against them as presented in the first amended complaint are "redundant, immaterial, impertinent, or scandalous," as required for an order granting their Rule 12(f) motion. In addition, Defendants Munsel and Jericoff fail to demonstrate that they will be prejudiced by the additional factual allegations presented in the first amended complaint. Moreover, there is no showing that the factual allegations have no bearing on the subject matter of this litigation. Furthermore, although the Court did not expressly allow Plaintiff to amend as to Defendants Munsel and Jericoff, given the liberality of amendment and the fact that the parties have engaged in merits-based discovery, the Court finds good cause to allow the amendment. The factual allegations, apparently disclosed during discovery, do not raise a new claim but rather elaborate on the deliberate indifference claim already found to be cognizable. While Defendants contend "[a]llowing the expanded allegations will necessarily require that this case essentially start from scratch," they fail to specifically demonstrate how Plaintiff's position has changed or how they will be prejudiced. See Park v. Welch Foods, Inc., No. 5:12-CV-06449-PSG, 2014 WL 1231035, at *1 (N.D. Cal. Mar. 20, 2014) ("Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.") Accordingly, Defendants' motion to strike the first amended complaint as to Plaintiff's Eighth Amendment claim against Defendants Munsel and Jericoff shall be denied.

However, Defendants are correct that the allegations relating to an Equal Protection claim should be stricken. Plaintiff's first amended complaint alleges violations of the Equal Protection Clause. However, the Court previously dismissed and denied amendment as to any claim premised on a violation of the Equal Protection Clause and expressly emphasized that Plaintiff's motion to amend was denied as to such claim. (ECF No. 49 at 2.) Thus, contrary to the Court's specific instructions, Plaintiff impermissibly added an entirely new cause of action against Defendants under the Equal Protection Clause that was previously dismissed. Therefore, the

4

Court will strike the portion of Plaintiff's first amended complaint that alleges violations of the Equal Protection Clause. See Allen v. Cnty. of Los Angeles, No. CV 07-102-R (SH), 2009 WL 666449, *3 (C.D. Cal. Mar. 12, 2009) ("this defective claim [which was previously dismissed with prejudice] is specious and should be stricken pursuant to Fed. R. Civ. P. 12(f)"); Lamumba Corp. v. City of Oakland, No. C 05-2712 MHP, 2006 WL 3086726, *4 (N.D. Cal. Oct. 30, 2006) ("if plaintiffs have re-asserted claims that were dismissed with prejudice ... these defective claims are specious and will be stricken").

### III.
### CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's first amended complaint is granted as to Plaintiff's Equal Protection claim and denied as to Plaintiff's Eighth Amendment claim; and

2. Plaintiff's factual allegations relating to a violation of the Equal Protection Clause are stricken from the first amended complaint, filed on April 9, 2021.

IT IS SO ORDERED.

Dated: __May 25, 2021__

_____
UNITED STATES MAGISTRATE JUDGE