**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. SMITH, et al.,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00148-DAD-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST TO VACATE AND RESET THE DISPOSITIVE MOTION DEADLINE<br><br>(ECF No. 67) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 13, 2021, Defendants filed a request to vacate and reset the dispositive motion deadline pending a ruling on their motion to strike Plaintiff's first amended complaint. (ECF No. 62.) On May 14, 2021, the Court granted Defendants' request. (ECF No. 63.)

On May 24, 2021, Plaintiff filed objections to Defendants' request to vacate and reset the dispositive motion deadline. (ECF No. 67.) Defendants filed a response on June 1, 2021. (ECF No. 70.)

**I.**

**DISCUSSION**

Since the Court has already granted Defendants' request, Plaintiff's objection is essentially a request to reconsider the Court's May 14, 2021 order.

1  Under Federal Rule of Civil Procedure 72, the standard of review for a non-dispositive
2  ruling is whether the order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  In
3  addition, modification of case scheduling is a matter within the discretion of the Court.  Fed. R.
4  Civ. P. 16(b)(4).  Once a scheduling order has been issued, the Court can modify its scheduling
5  order only upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).
6  In his objections, Plaintiff contends that Defendants did not take his "deposition until the
7  last minute" and had sufficient opportunity to review his first amended complaint, filed on April
8  9, 2021.  (ECF No. 67 at 2-3.)
9  In seeking to vacate and reset the dispositive motion deadline, Defendants indicated that
10  Plaintiff's deposition was conducted on April 21, 2021, and as of May 13, 2021, they had not yet
11  received a copy of the transcript or notified that the transcript had been sent to Plaintiff for
12  review.  (ECF No. 62 at 3.)  Defendants reasoned, in part, that they could not properly assess and
13  prepare a motion for summary judgment without the deposition transcript.  (Id.)  Plaintiff's
14  objections are without merit.  First, the fact that Plaintiff's deposition transcript had not been
15  received by the date the request was made was only one of several bases constituting good cause
16  to grant Defendants' request.  The request was also based on the fact that the Court granted
17  Plaintiff's request to add two additional Defendants (Brown and Garcia) in April 2021.  (ECF No.
18  62, ¶ 4.)  Their responses to the complaint are not due until June 22, 2021.  (ECF No. 66.)  In
19  addition, Defendants motion to strike the first amended complaint was pending when the motion
20  was filed, and was ruled upon on May 26, 2021, which clarified the scope of the claims in this
21  action.  (ECF No. 68.)  Furthermore, Plaintiff's deposition was not provided to Defendants until
22  one month after it was taken, and Plaintiff has thirty days to review it and make changes.
23  (Declaration of Arthur Mark [Mark Decl.] ¶ 3.)  Considering the circumstances presented, there
24  was good cause to vacate the dispositive motion deadline to be reset when a single motion by all
25  Defendants could be filed.  (ECF No. 62 ¶ 7.)  Accordingly, Plaintiff's objections shall be
26  overruled.
27  Plaintiff also seeks to strike his deposition because he was alleging suffering side-effects
28  from "the second dose of the 'Moderna' drug."  (ECF No. 67 at 2.)  Although this request is not

related to the case management deadlines, there is no merit to Plaintiff's contention. Defendants submit the deposition transcript in which Plaintiff expressed that he had taken the vaccine the day prior, but he did not report any adverse effects to anyone. (Mark Decl. Ex. A [Tran. Dep. at 11:23-15:6].) Plaintiff clearly indicated that he was able to proceed with the deposition and counsel advised him that if he believed at any time he could not give his best or truthful testimony due to his alleged medical condition, he should say so and the deposition could be continued. (Id.) At the first break, Plaintiff requested a longer break, which was accommodated by Defendants and allowed Plaintiff to get something to eat. (Tran. Dep. at 48:1-49:23.) After the break, Plaintiff expressly stated he was feeling fine and was able to continue with the deposition and provide truthful testimony. (Id. at 50:1-15.) After the second break, counsel again asked Plaintiff how he was feeling, and Plaintiff stated he was fine to continue the deposition, and despite the headache he had, he was okay to continue the deposition. (Id. at 107:20-108:22.) Counsel specifically questioned Plaintiff's physical and mental ability to proceed with the deposition and advised that the deposition testimony could be used in this case. Plaintiff affirmatively expressed his desire to continue the deposition. (Id.) Counsel declares that at no time during the deposition did Plaintiff express that he wanted to stop the deposition due to any medical condition or that he could not give his best testimony. (Mark Decl. ¶ 3.)[1] Therefore, Plaintiff cannot now claim to be excused from his deposition based on his alleged symptoms in order to strike his deposition testimony, reverse the grant of Defendants' motion, or prevent Defendants from using it in this case.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Because good cause existed to grant Defendants' motion to vacate the dispositive motion deadline, it was not clearly erroneous or contrary to law, and Plaintiff's objections are overruled; and

---

[1] The Court accepts counsel's representation as an officer of the court. Fed. R. Civ. P. 11.

2. Plaintiff's objection and request to strike his deposition is DENIED for lack of merit.

IT IS SO ORDERED.

Dated: **June 15, 2021**

UNITED STATES MAGISTRATE JUDGE