1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| BINH CUONG TRAN, | Case No. 1:19-cv-00148-DAD-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (ECF No. 61) |
| S. SMITH, et al., | |
| Defendants. | |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed on May 10, 2021. (ECF No. 61.)

## I.

## RELEVANT BACKGROUND

This action is currently proceeding against Defendants Munsel, Jericoff, Brown and Garcia for deliberate indifference in violation of the Eighth Amendment.

Defendants Munsel and Jericoff filed an answer to the complaint on March 19, 2020.[1]

///

---

[1] Defendants Brown and Garcia's answer is presented due on or before June 22, 2021. (ECF No. 66.)

1    After an unsuccessful settlement conference, the Court issued the discovery and

2    scheduling order on July 29, 2020.

3         On January 6, 2021, Plaintiff filed a motion to amend the complaint.  (ECF No. 39.)

4         On February 10, 2021, the undersigned issued Findings and Recommendations

5    recommending to grant in part and deny in part Plaintiff's motion to amend.  (ECF No. 42.)  More

6    specifically, it was recommended that Plaintiff's motion be granted to allow amendment to add an

7    Eighth Amendment claim for deliberate indifference against Defendants Brown and Garcia and to

8    deny Plaintiff's motion to amend to add an equal protection claim.  (Id.)

9         The Findings and Recommendations were adopted in full on March 10, 2021.  (ECF No.

10   49.)

11        Plaintiff filed a first amended complaint on April 9, 2021.  (ECF No. 53.)

12        On May 10, 2021, Plaintiff filed a motion to compel.  (ECF No. 61.)

13        On May 14, 2021, the Court granted Defendants' request to vacate the dispositive motion

14   deadline pending resolution of their motion to strike the first amended complaint.  (ECF No. 63.)

15        On May 26, 2021, the Court granted in part and denied in part Defendants' request to

16   strike the first amended complaint.  (ECF No. 68.)

17        On June 1, 2021, Defendants filed an opposition to Plaintiff's motion to compel.  (ECF

18   No. 69.)  Plaintiff did not file a reply and the time to do so has expired.  Local Rule 230(l).

19                                      **II.**

20                              **LEGAL STANDARD**

21        Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

22   confinement.  As a result, the parties were relieved of some of the requirements which would

23   otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

24   involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.

25   Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 34.  Further, where otherwise discoverable

26   information would pose a threat to the safety and security of the prison or infringe upon a

27   protected privacy interest, a need may arise for the Court to balance interests in determining

28   whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,

at \*2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at \*4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at \*1; Womack, 2011 WL 6703958, at \*3; Mitchell, 2010 WL 3835765, at \*2; Ellis, 2008 WL 860523, at \*4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

Plaintiff seeks to compel responses to several requests for production of documents and interrogatories served on Defendant Jericoff.[2]

### A. Requests for Production of Documents

Federal Rule of Civil Procedure 34 authorizes a party to serve on any other party with a request to produce documents, electronically stored information, or other tangible evidence, that is relevant within the definition set forth in Rule 26(b). See Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.... An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B), (C).

---

[2] Although Plaintiff contends he did not receive timely responses to his second set of production requests from Defendant Munsel, the current motion to compel deals only with Defendant Jericoff. (ECF No. 61.) Furthermore, on April 29, 2021, the Court granted Defendant Munsel's request to extend the time to respond to Plaintiff's request for production of documents, set two. (ECF No. 60.) Defendant Munsel's responses were not due until May 6, 2021- one day after Plaintiff constructively filed the instant motion to compel. (ECF Nos. 60, 61.)

4

"[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D. Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." <u>Clark</u>, 181 F.R.D. at 472; <u>Allen v. Woodford</u>, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995)); <u>accord</u> <u>Evans v. Tilton</u>, No. 1:07-cv-01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence. <u>Uribe v. McKesson</u>, No. 08-cv-01285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. <u>Ochotorena v. Adams</u>, No. 1:05-cv-001524-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

Defendant Jericoff submits that Plaintiff initially propounded forty-five requests for production, to which he timely responded. Then, after meeting and conferring with Plaintiff, Defendant provided supplemental responses. After Defendant served the supplemental responses, Plaintiff did not follow-up. Plaintiff then served a second set of requests for production which Defendant contends are largely duplicative of requests in his first set, and Defendant responded accordingly.

///
///
///
///

Defendant also opposes Plaintiff's motion to compel further responses to the first set of interrogatories because he failed to meet and confer and fails to provide any basis to compel further responses.[3]

1.    Request for Production, Set One

Although it appears that Plaintiff seeks further responses to nearly all of his requests for production and interrogatories from Defendant Jericoff, however, with the exception of requests numbers 1, 3 and 5, Plaintiff does not address the other requests listed under a separate hearing. (ECF No. 61.) The Court will not review each request and response to determine whether any of the responses are somehow deficient. As explained above, Plaintiff has the burden of describing why a particular response is inadequate, and may not generally argue that the responses are insufficient. See, e.g., Williams v. Flint, No. CIV S-06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."). Therefore, the Court will only review and address the responses clearly identified in his motion to compel.

Plaintiff also asserts in conclusory fashion that over-breadth objections to requests numbers 1, 2, 7 to 22, 27, 30 to 36, 37, 39, and 40 to 45 are "frivolous." (ECF No. 61 at 5-6.) However, Defendant provided timely responses to a majority of the requests—either by producing documents, identifying them on a privilege log, or responding that they had no responsive documents. (ECF No. 61 at 43-74.) In addition, Defendant provided supplemental responses to many of these requests, including producing documents previously designated on the privilege log, which Plaintiff fails to recognize or address. (Mark Decl. ¶¶ 6-8, Exs. C-E.) Plaintiff's mere mistrust or dislike of the responses by Defendant is not a valid basis to compel further responses. See Scott v. Palmer, No. 1:09-cv-01329-LJO-SKO, 2014 WL 6685810, at *3 (E.D. Cal. Nov. 25, 2014) ("While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or

---

[3] The discovery and scheduling order issued by the Court explicitly excused the parties from the good faith conference and meet and confer requirements under Federal Rules of Civil 26 and 37, as well as Local Rule 251. (ECF No. 34 ¶ 4.)

fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.") (citations omitted) (emphasis in original).

### a. Request No. 1

Plaintiff sought: "Any and all rules, regulations, and policies of the California Department of Corrections and Rehabilitation about the treatment of prisoners with broken rib on cell change." (ECF No. 61 at 44.) Defendant responded that after a diligent and reasonable search no responsive documents could be found. (ECF No. 61 at 5:22-6:1.) Plaintiff contends that "Defendants are lying and/or withholding documents related to the lawsuit." (Id.) However, Defendant submits that after he served his response to Plaintiff's request for production of documents, set one, the parties met and conferred regarding Plaintiff's request for documents concerning policies. (Mark Decl. ¶¶ 6-8, Exs. C-E.) Defendant again checked for any responsive policies and then sent Plaintiff a letter on December 31, 2020, explaining the efforts engaged in to search for the policies requested. Defendant specifically noted that he checked with Sierra Conservation Center (SCC) and California Health Care Services (CCHSC) and that neither could locate policies concerning assisting inmate with bed moves. (ECF No. 61 at 15.) The only policies located concerned policies of CCHCS regarding assistance with activities of daily living, which Defendant believed was not responsive to his narrow and specific request. Nonetheless, Defendant provided Plaintiff with copies of those policies. (Mark Decl. ¶ 8, Ex. E.) Accordingly, because Defendant has described his efforts with sufficient specificity to allow the Court to determine whether he made a reasonable inquiry and exercised due diligence in searching for the documents requested in Request No. 1, stated that the specific documents do not exist, and provided any and all documents which were located, Plaintiff's motion to compel a further response is denied.

///

### b.     Request No. 3

Plaintiff sought: "All Documents you content support your claims against the Plaintiff's allegations in his complaint." (ECF No. 61 at 45.)  Defendant objected that the request was not reasonably particularized to a category of documents as required under Rule 34 and on the grounds that Defendant is making no "claims" against Plaintiff.  (Id.)  Nonetheless, Defendant interpreted the request as seeking documents Defendant may rely on in defense of the case, and responded by identifying categories of documents he relied on in defense of this case.  (ECF No. 61 at 45.)  Defendant specifically stated that "he may rely on documents in Plaintiff's non-confidential central file; plaintiff's medical records; the pleadings and other papers on file in this case and documents produced in response to this request."  (ECF No. 61 at 45:15-17.)  Plaintiff contends that Defendant was required to disclose documents he intends to use at trial.  (ECF No. 61 at 6:5-6.)  First, Plaintiff did not request documents that Defendant intends to use at trial. Second, Defendant is not required to disclose and identify trial materials until the filing of a pretrial statement.  (Local Rule 281(a) and (d) (supplanting pretrial disclosure requirements under Rule 26(a)(3)).  Lastly, Defendant was not required to provide further detail because selection from among groups of documents by a party's attorney are considered attorney work product. See Sporck v. Peil,759 F.2d 312, 316 (3d Cir. 1985) ("the selection and compilation of documents by counsel…in preparation for pretrial discovery falls within the highly-protected category of opinion work product.").  Accordingly, Plaintiff's motion to compel a further response is denied.

### c.     Request No. 5

Plaintiff sought: "All Documents and/or Communications (except communications with your attorney) that contain a formal or informal about the plaintiff's Complaint made by you against the plaintiff."  Defendant objected because the request was incomplete and, therefore, unintelligible.  The Court agrees.  As referenced by Defendant, there is a word missing after the words "formal and informal," and Defendant cannot determine a category of documents for which Plaintiff is requesting.  There is no merit to Plaintiff's contention that the request is "plain and understandable" or that Plaintiff cannot effectively communicate in English.  Plaintiff has litigated this action from the outset without any apparent difficulty in English.  In addition,

1  Defendant submits that neither in his motion nor his meet and confer letters, did Plaintiff ever

2  explain exactly what he was seeking in this request.  (Mark Decl., Ex. B; ECF No. 61 at 10-11.)

3  Accordingly, Plaintiff's motion to compel a further response is denied.

**d.     Request Nos. 7, 13, and 44**

5  Defendant objected only to request numbers 7, 13, and 44.  There is no merit to Plaintiff's

6  contention that the Defendant's overbroad objection is frivolous.

7  Request No. 7 sought: "All Documents and/or Communications between you and any

8  person or entity (except Communications with your attorney), including CDCR employees, from

9  any time-period, that mention or are relate to the plaintiff's Complaint."

10  Request No. 13 sought: "All Documents and/or statements that you utilized to prepare in

11  your defense related to the plaintiff's Complaint."

12  Request No. 44 sought: "Any and all Files about the Defendant including Civil suits,

13  mistreating inmate(s), and/or reprimands for misbehavior, and incident reports filed by prison

14  staff, nurses, and inmate(s) that related to the plaintiff's Complaint.  Any sensitive information

15  (such as the person last name, CDCR identification number, address, etc…) can be blackened-

16  out."

17  Defendant objected to each of these requests as overbroad.  The Court agrees that the

18  above requests are overbroad in scope and Plaintiff has failed to specifically challenge these

19  responses.  Accordingly, Plaintiff's motion to compel a further response is denied.

2.     Request for Production, Set Two

21  Plaintiff identifies requests for production, set two, numbers 1, 2, 3, 7 to 11, and 13 to 16,

22  and numbers 4, 5, and 12, as a group.  (ECF No. 61 at 3:7-17; 3:22-4:9.)  However, Plaintiff does

23  not address each request, response, or objections, separately or explain why Defendant's

24  objections lack merit or why each response is insufficient.

**a.     Request No. 1**

26  Request No. 1 sought: "Any and all rules, regulations, and policies of the California

27  Department of Corrections and Rehabilitation about the treatment of prisoner with broken rib on

28  cell change."  Defendant correctly notes that this request is identical to Plaintiff request for

production of documents, set one, number 1, discussed above. (ECF No. 61 at 44.) Rule 26 specifically prohibits duplicative discovery requests. Fed. R. Civ. P. 26(b)(2)(C)(i); Simmons v. Adams, No. 1:10-cv-01259-LJO-SKO PC, 2013 WL 2995274, at *6 (E.D. Cal. June 4, 2013); Novatel Wireless, Inc. v. Franklin Wireless Corp., No. 10-cv-2530 CAB (JMA), 2014 WL 11899480, at *2 (S.D. Cal. June 2, 2014). Accordingly, Defendant's objection is well-taken and Plaintiff's motion to compel a further response is denied.

### b.      Request No. 2

Request No. 2 sought: "All written statements, originals or copies, identifiable as reports related to the incident in the plaintiff's civil rights complaint, made by CDCR and/or SCC employees, and/or witnesses. Personal informations [sic] can be blackened-out." Defendant correctly notes that this request is identical to Plaintiff's request for production of documents, set one, number 2, to which Defendant responded.[4]  Therefore, Defendant's objection on duplicative grounds is sustained, and Plaintiff's motion to compel must be denied.

### c.      Request No. 3

Request No. 3 sought: "All Documents that you contend support your claims against the plaintiff's allegations in his complaint." Defendant correctly notes that this request is identical to Plaintiff's request for production of documents, set one, number 3, to which Defendant responded. (ECF 61 at 45.) Therefore, Defendant's objection on duplicative grounds is sustained, and Plaintiff's motion to compel must be denied.

### d.      Request Nos. 7 to 11

Notwithstanding Defendant's objections, he responded that there were no documents responsive to these requests.

Request No. 7 sought: "Please produce a copy of any records that you identified in response to Plaintiff Tran's interrogatory set one and set two." Defendant correctly objected that this request is overly broad in that it fails to specify any particular interrogatory or category of

---

[4] Defendant submits that he produced documents and a privilege log in response to the initial request. (ECF No. 61 at 44-45; 66-74.) In addition, Defendant subsequently produced additional documents, including those previously identified as privileged, with a supplemental response. (Mark Decl. ¶ 6, Ex. D.) Thus, there is no merit to Plaintiff's contention that Defendant "refused" to produce documents or that "statements" have not been produced.

10

documents.  In addition, Defendant did not "identify" records in response to any of the requests.  (ECF No. 61 at 21.)

Request No. 8 sought: "Please produce a copy of any records for empty cell(s) in facility-C on 4/25/18."  Request No. 9 sought: "Please produce a copy of any records that you identified in response to Plaintiff Tran's interrogatory set one and two."  Defendant correctly notes that this request is identical to request number seven above.  Request No. 10 sought: "Please produce a copy of any records for unoccupied bunk(s) for building-5 in facility C on 4/25/18."  Request No. 11 sought: "Please produce a copy of any records showing how many people had a bottom bunk and bottom tier Chrono on 4/25/18 for building-5 in facility-C.  Any sensitive information (such as the person's last name, address, CDCR identification number, etc…) Can be blackened out."

Defendant objected that the records sought were not relevant to his claim of deliberate indifference to his broken ribs.  In addition, Defendant objected that request 8 was duplicative of request for production of documents, set one, request number 37; request 10 was duplicative of request for production of documents, set one, requests 39 and 40; and request 11 sought information that violate the privacy rights of other inmates.  (ECF No. 61 at 21-22.)  Moreover, nonetheless the objections, Defendant responded that after a diligent and reasonable search, no responsive documents existed or could be located in response to these requests.  (Id.)  Accordingly, Plaintiff's motion to compel further responses to these requests is denied.

**e.**      **Request Nos. 13 to 16**

Request No. 13 sought: "Please produce a copy of any records of witness(es)'s statements who claims to know of facts relevant to the conduct described in the plaintiff's complaint."  Defendant objected that the request is vague and did not describe a category of documents with reasonable particularity as Plaintiff's complaint contains numbers allegations of "conduct."  Nonetheless, Defendant responded and identified forty-eight pages of documents previously produced.  Thus, there is no merit to Plaintiff's unfounded speculation that Defendant is "withholding documents."

Request No. 14 sought: "Please produce a copy of any records showing how many people lived in cell-132 on 4/25/18 for building-5 in facility C."  Request No. 15 sought: "Please produce

11

document(s) for information of witness(es)' statements related to incidents analogous to the claims at issue in this action." Request No. 16 sought: "Please produce a copy of CDCR and SCC policy on medical safety concerns and medical housing restrictions." Defendant objected that these requests are beyond the scope of permissible discovery under Rule 26, overly broad and burdensome. Nonetheless, Defendant responded that no documents responsive to these requests existed. (ECF No. 61 at 23-25.) Accordingly, Plaintiff's motion to compel further responses to these requests is denied.

**f.      Request Nos. 4, 5 and 12**

Request No. 4 sought: "Please produce document(s) for information of past Complaints against you from inmate(s) related to incidents analogous to the claims at issue in the action. Any sensitive information (such as the witness's last name, address, CDCR identification number, etc…) Can be blackened out."

Request No. 5 sought: "Please produce document(s) for information of reprimands against you related to incidents analogous to the claims at issue in this action."

Request No. 12 sought: "Please produce a copy of any records regarding of past reprimands and/or complaints against you from inmate(s) related to incidents analogous to the claims at issue in this action."

Plaintiff contends that these requests are relevant to demonstrate "motive, opportunity, intent, plan, preparation, knowledge, identity or absence of mistake or accident." (ECF No. 61 at 4:1-2.) With regard to request for production number 5, notwithstanding the objections, Defendant responded that there were no documents responsive to the request. (ECF No. 61 at 20-21.) With respect to request for production numbers 4 and 12, Defendant properly objected that these requests were duplicative of six requests propounded in Plaintiff's requests for production, set one, numbers 20, 21, 22, 28, 30 and 31. (ECF No. 61 at 54-60.) In addition, with regard to the first set of requests, Defendant objected that these requests were all overly broad and beyond the scope of permissible discovery in this case. (Id.) Nonetheless, Defendant produced non-confidential documents or stated that no documents existed. (Id.)

///

Furthermore, after meeting and conferring with Plaintiff, Defendant provided supplemental responses, including the confidential appeal inquiry for the staff complaint against Munsel and Jericoff relating to Plaintiff's allegations in this case, and staff complaints of other inmates against Jericoff. (Mark Decl. ¶ 7, Ex. D.) These responses were provided after the parties met and conferred on Defendant's responses to Plaintiff's first set of requests for production. (Mark Decl. ¶ 6, Ex. C.) After the supplemental responses, Plaintiff never indicated to Defendant that the responses were still insufficient. (Mark Decl. ¶ 9.)

Based on the foregoing, there is no basis to compel further responses to these requests, and Plaintiff's motion to compel is denied.

### B. Interrogatories

Plaintiff seeks to compel further responses to his first set of interrogatories, numbers 4, 15 and 18.

Interrogatory No. 4 sought: "Does the CDCR has a general department policy that it will provide services reasonable and necessary to protect life, prevent significant illness or disability or alleviate severe pain?" Defendant objected to this interrogatory as argumentative, overly broad, compound and containing subparts, ambiguous as to the terms "general departmental policy" and "provide services reasonable and necessary to protect life, prevent significant illness or disability or alleviate severe pain, and not proportional to the needs of the case. (ECF No. 61 at 32.) Defendant's objections are sustained. This request is compound in that it inquiries about several, discrete items in a single question: (1) "services reasonable and necessary to protect life," (2) "prevent significant illness[,]" (3) "disability[,]" or (4) "alleviate severe pain." (Id.) Compound interrogatories are improper under Rule 33. See Withers v. eHarmony, Inc., No. CV 09-2266-GHK(RCx), 2010 WL 11520197, at *3 (C.D. Cal. Apr. 1, 2010) (sustaining compound objection where interrogatory inquired as to several discrete areas). In addition, this interrogatory is not related to the issues in this case and therefore not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). This action is proceeding on Plaintiff's claim that Defendants were deliberately indifferent to his complaints about his broken rib and movement to a second tier cell. (First Am. Compl., ECF No. 53.) There are no allegations that Plaintiff's life was in danger, or

pertaining to preventing illness, disability or "alleviating severe pain."  Consequently, because Defendant's objections were proper there is no basis to order a further response, and Plaintiff's motion to compel is denied.

Interrogatory No. 15 sought: "State the name(s) and title or otherwise identify and locate any person who, to you or your attorney's knowledge, claims to know of facts relevant to the conduct described in the plaintiff's complaint."  Defendant objected to this interrogatory as compound and ambiguous and as calling for speculation as to what others might "claim to know." (ECF No. 61 at 36.)  Defendant's objections are sustained.  This interrogatory improperly incorporates all of the allegation of Plaintiff's complaint and therefore is compound.  See, e.g., Safeco of America v. Rawstron, 181 F.R.D. 441, 446 (C.D. Cal. 1998) ("an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set.") (footnote omitted); see also Superior Communications v. Earhugger, Inc., 257 F.R.D. 215, 218 (C.D. Cal. 2009) (interrogatories requesting (1) facts (information about a certain event), (2) persons (identify each person who knew), and (3) documents (identify documents in support) have three discrete subparts, with different themes).  Nonetheless, even if Defendant's objection was improper, Defendant responded "to the extent [the interrogatory was] inquiring about witnesses who may have information relevant to this case," and identified several potential witnesses.  (ECF No. 61 at 36.)  Although Plaintiff contends that he is entitled to "names" of his cellmates or medical personnel who examined him, such information appears equally available to Plaintiff and/or within his knowledge.  See, e.g., ECF No. 1 Compl. (identifying Dr. Smith as issuing his CDCR 7410 accommodation chrono and attaching medical records and medical appeal).  Accordingly, Plaintiff's motion to compel a further response to this interrogatory is denied.

Interrogatory No. 18 sought: "Would a person in his right mind force another person to move his or her stuff by making him or her carrying it up the stairs (14 steps) while he or she had a broken rib cage?  Why or why not?"  Defendant objected that this interrogatory is

"argumentative, improper, harassing and beyond the scope of permissible discovery." (ECF No. 61 at 37.) Defendant's objections are sustained as this interrogatory is improper. <u>See, e.g.</u>, <u>Glass v. Beer</u>, No. 1:04-cv-05466-OWW-SMS PC, 2007 WL 913876, at *3-4 (E.D. Cal. Mar. 23, 2007) (sustaining objections to interrogatories inquiring as to whether defendants would engage in misconduct or illegal activities). Indeed, this Court has previously advised Plaintiff that interrogatories of such nature are improper. (ECF No. 52 at 5 [finding interrogatory asking Defendants if they caused unnecessary and wanton infliction of pain on the plaintiff argumentative and improper]). Accordingly, Plaintiff's motion to compel a further response to this interrogatory is denied.

## C. Request for Sanctions

Plaintiff requests $5,000 in sanctions because Defendant Munsel failed to timely answer the request for production of documents, set two. Plaintiff points to the fact that Defendant Munsel claimed he was not aware that Plaintiff served a second set of requests for production until April 21, 2021. (ECF No. 61 at 7-8.) Plaintiff contends Defendant's counsel "must have been in the office on April 19, 2021" based on a number dialed by the litigation coordinator at Plaintiff's institution, and that Defendant "had a lot of opportunities" to check Plaintiff's claims concerning the request to Munsel. (<u>Id.</u>) However, Defendant's counsel declares that he was working from home on April 19, 2021, with his office telephone number forwarded to a different number to answer when not in the office. (Mark Decl. ¶ 11.) Further, in seeking an extension of time for Defendant Munsel to respond to the second set of production requests, Defendant's counsel explained in detail that the request for production of documents, set two, for Defendant Munsel was inadvertently not scanned my docketing staff in his office, and he did not become aware of the mistake until April 21, 2021. (ECF No. 61 at 112-113.) There is simply no evidence that counsel's declaration statements are false.

Rule 37 of the Federal Rules of Civil Procedure, "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." <u>Wyle v. R.J. Reynolds Indus., Inc.</u>, 709 F.2d 585, 589 (9th Cir. 1983); <u>see also</u> Local Rule 110. "Sanctions may be warranted under

Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001).

Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.' " Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002). Rule 37(b)(2) provides available sanctions for the failure to obey a discover order which includes prohibiting the disobedient party from introducing designated matters into evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii). Such sanctions are available where a party fails to serve answers to interrogatories. Fed. R. Civ. P. 37(d)(1), (3).

Plaintiff has failed to demonstrate any basis for sanctions under Rule 37. Defendant Munsel timely responded to the second set of request for production within the time allowed by the Court. Defendant objected to many of the requests as improper. In addition, Plaintiff has failed to demonstrate bad faith on the part of Defendants, a requisite to the imposition of sanctions within court's inherent authority. Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2011). Plaintiff's reliance on Sanders v. City of New York, 218 F.Supp.2d 538 (S.D. New York 2002), is misplaced. In Sanders, the Court imposed $5,000 in sanctions because the defendants failed to disclose documents requested by plaintiff until two weeks prior to trial, which caused prejudice to plaintiff. Id. at 543-543. The Court determined there was no explanation for why Defendants failed to timely produce the requested documents and sanctions were warranted. Id. In contrast, here, Defendant Munsel demonstrated good cause as to why he did not initially respond to the second request for production, and the responses were served less than three weeks after the initial deadline. (Mark Decl. ¶ 12.) Accordingly, Plaintiff's request for imposition of sanctions is denied.

### D. Imposition of Sanctions Against Plaintiff

Federal Rule of Civil Procedure 37 provides that, if a court denies a motion to compel, it "must, after giving an opportunity to be heard, require the movant ... to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's

fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.

Defendant submits that he spent ten hours preparing an opposition to the instant motion and declaration in support there. (Mark Decl. ¶ 13.) The hourly rate is $220, resulting in attorney's fees of $2,200. (Id.) Plaintiff moved to compel responses to several duplicative discovery requests to which Defendant already responded. In addition, Plaintiff failed to inform the Court that Defendant provided supplemental response, after meet-and-confer efforts. Based on the circumstances, the Court declines to find that the motion to compel was substantially justified or that other circumstances make an award of expenses unjust. Given that Plaintiff paid the $400.00 filing fee for this action, the Court will direct him to show cause why he should not ordered to pay $2,200 for Defendant's expenses in defending the instant motion. Fed. R. Civ. P. 37(a)(5)(B).

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel (ECF No. 61), filed on May 10, 2021, is denied; and

2.    Within twenty-one (21) days from the date of service of order, Plaintiff shall show cause why the Court should not assess against him the expenses of $2,200 incurred in defending the instant motion.

IT IS SO ORDERED.

Dated:   **June 21, 2021**   _____

UNITED STATES MAGISTRATE JUDGE