# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S. SMITH, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00148-DAD-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY EXPENSES SHOULD NOT BE IMPOSED, AND DENYING DEFENDANTS' REQUEST FOR REIMBURSEMENT OF COSTS<br><br>(ECF No. 77) |

Plaintiff Binh Cuong Tran is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 21, 2021, the undersigned denied plaintiff's motion to compel, finding the motion was not substantially justified, and Plaintiff was ordered to show cause why he should not be required to reimburse Defendants' reasonable expenses. (ECF No. 77.) Plaintiff filed a response on July 12, 2021. (ECF No. 78.)

The Federal Rules of Civil Procedure provide that:

> [if] the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Moreover, Plaintiff's pro se status does not insulate him from an order requiring the payment of such expenses. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding

pro se); Shabazz v. Giurbino, 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's fees should be assessed against plaintiff.); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

In his response to the order to show cause, Plaintiff argues that even though his motion to compel was unsuccessful, he had good cause and acted in good faith in bringing the motion, and therefore requests no expenses be awarded in light of his pro se indigent status. Plaintiff argues Defendants initially failed to provide him witness statements and mislead him indicating there were no witness statements.  In addition, Defendants failed to initially disclose that Defendant Jericoff had prior civil rights actions again him and provided such information only after discussions with Plaintiff.  Lastly, Defendant Munsel failed to timely answer Plaintiff's request for production of documents, set two, because it was inadvertently not scanned into the docketing system by Defendants.  (ECF No. 78 at 1-4.)

The Court previously found that Plaintiff's motion to compel was not substantially justified.  However, based on Plaintiff's response and the circumstances surrounding the discovery requests, the Court finds an award of expenses would be unjust given Plaintiff is proceeding pro se and lack of financial resources.  Nonetheless, Plaintiff is cautioned that if he continues to bring motions to compel that are not substantially justified, future requests for fees and costs may be granted regardless of Plaintiff's status as a prisoner proceeding pro se and lacks funding.  Accordingly, it is HEREBY ORDERED that the order to show cause issued on June 21, 2021, is vacated, and Defendants' request for reimbursement of costs associated with defending Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:  **July 27, 2021**

UNITED STATES MAGISTRATE JUDGE