UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00148-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 85, 91) |

Plaintiff Binh Cuoung Tran ("Plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2022, the assigned magistrate judge issued findings and recommendations, recommending that Defendants' motion for summary judgment for failure to exhaust the administrative remedies (Doc. No. 85) be denied.  (Doc. No. 91.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 11.)  On March 21, 2022, Defendants filed objections to the findings and recommendations.  (Doc. No. 95.)

In Defendants' opposition to the findings and recommendations, Defendants argue that the court's reliance on *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016) is misplaced.  (Doc. No. 95 at 4.) Defendants narrowly interpreted *Reyes*.  Defendants argue that because Plaintiff's grievance failed to

1

indicate anyone other than the named individuals involved, his case is distinguishable from *Reyes*. (Doc. No. 95 at 4.)  In *Reyes*, the court held that even though all the defendants were not named in the grievance, the grievance was still sufficient to exhaust the administrative remedy with respect to the entire committee of medical doctors that made the ultimate decision of denying the plaintiff his medication.  *Reyes*, 810 F.3d at 658-59.  The *Reyes* plaintiff had mentioned only one doctor in his grievance.  *Id.* at 658.  The court reasoned that the administrative process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."  *Id.* at 659 (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)).  Similar to *Reyes*, it may be inferred that prison officials in this case could have easily identified Defendants Brown and Garcia, as they had approved the cell move to place Plaintiff in an upper tier cell.  (Doc. No. 91 at 7; Doc. No. 53, 9-10.)  Given Plaintiff had become aware of Defendants Brown and Garcia's involvement only by way of discovery from Defendants (Doc. No. 42 at 3; *see also* Doc. No. 86, Ex. E), the administrative remedy was effectively unavailable to him with respect to those Defendants.  Therefore, the court finds Defendants' objections unpersuasive to overturn the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Defendants' objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 28, 2022 (Doc. No. 91) are adopted in full;
2. Defendants' motion for summary judgment for failure to exhaust the administrative remedies (Doc. No. 85) is denied; and

///
///
///
///
///

3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 15, 2022

_____
UNITED STATES DISTRICT JUDGE