# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BINH CUONG TRAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00148-ADA-SAB (PC)<br><br>ORDER RE: BILL OF COSTS<br><br>(ECF No. 112) |

Plaintiff Binh Cuong Tran is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

On February 14, 2023, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants.  (ECF Nos. 110, 111.)

On February 22, 2023, Defendants submitted a bill of costs.  (ECF No. 112.)  Plaintiff filed a motion to strike the bill of costs on March 10, 2023.  (ECF No. 113.)

## II.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54 creates "a presumption for awarding costs to prevailing parties; the losing party must show why

1  costs should not be awarded."  Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting
2  Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003)).  In deciding whether
3  to exercise discretion to refuse to award costs, the district court should consider appropriate
4  reasons to deny costs such as "(1) the substantial public importance of the case, (2) the closeness
5  and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the
6  plaintiff's limited financial resources, and (5) the economic disparity between the parties."
7  Draper, 836 F.3d at 1087 (quoting Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48
8  (9th Cir. 2014)).  This list is not exhaustive, but is a starting point for the analysis.  Draper, 836
9  F.3d at 1087.

10  **III.**

11  **DISCUSSION**

12  The Court found in favor of Defendants and they are the prevailing parties in this action.
13  Thus, the presumption to award costs has arisen.  Defendants seek costs for Plaintiff's deposition
14  and docketing fees which are taxable costs under 28 U.S.C. §§ 1920 and 1923.  At the time that
15  Plaintiff's deposition was taken it could reasonably have been expected to be used in the trial of
16  this action. Defendants have demonstrated that the costs for copying documents were necessarily
17  obtained for use in this action and are seeking a reimbursement at a reasonable rate.   In
18  addition,  under 28 U.S.C. § 1923(a), docket fees may be taxed as costs as "$20 on trial or final
19  hearing ... in civil ... cases."  The Court finds that the costs for which Defendants seek
20  reimbursement were necessarily obtained for use in the action.

21  Accordingly, the burden shifts to Plaintiff to rebut the presumption to award costs to the
22  prevailing party by showing reasons to deny costs.

23  Plaintiff argues that Defendants are not entitled to costs because judgment was entered
24  based on a motion for summary judgment and the case did not proceed to a jury trial.  Plaintiff is
25  mistaken as costs are available to "the prevailing party" and Defendants are the "prevailing
26  parties" in this action.  The Court's summary judgment ruling altered the legal relationship
27  between the parties because it adjudicated Plaintiff's claims and finally held that Defendants are
28  not liable. The ruling constitutes a judgment on the merits of those claims. Buckhannon Bd. &

1    <u>Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.</u>, 532 U.S. 598, 604 (2001)

2    ("[E]nforceable judgments on the merits ... create the 'material alteration of the legal relationship

3    of the parties' necessary to permit an award of attorney's fees").) (alterations original); <u>Saint</u>

4    <u>John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.</u>, 574 F.3d 1054, 1058 (9th Cir.

5    2009) (prevailing party must obtain judicially enforceable actual relief on the merits of their

6    claim that materially alters the legal relationship between the parties).

7    **IV.**

8    **ORDER**

9    Based on the foregoing, it is HEREBY ORDERED that the costs of $1,191.75 shall be

10   taxed to Plaintiff.

11

12   IT IS SO ORDERED.

13   Dated:   **March 13, 2023**

                                    UNITED STATES MAGISTRATE JUDGE